**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **DEONDRAY RAYMOND MASON,** | ) | |
| **#02198087,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:22-CV-969-L  (BH)** |
| | ) | |
| **ADAM GONZALEZ,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge[1]** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, this habeas case should be dismissed without prejudice for failure to prosecute or follow an order of the court.

## I.  BACKGROUND

On April 29, 2022,  an "Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07," was received from the petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice, which appeared to challenge his detention. (*See* doc. 3.)  It was liberally construed as a federal petition for writ of habeas corpus under 28 U.S.C. § 2254.  (*See* doc.4.)  By *Notice of Deficiency and Order* dated May 3, 2022, the petitioner was notified that this form is typically filed in the Court of Criminal Appeals of Texas, and that if he intended to file a petition for writ of habeas corpus under § 2254 in federal court, he had not filed it on the appropriate form and paid the $5.00 filing fee or submitted an application to proceed *in forma pauperis* (IFP).  (*See id*.)  Attached to the order were copies of the § 2254 habeas petition form and an IFP application. (*See id.*)  The order specifically advised the petitioner that he must file his § 2254 petition on the appropriate form and either pay the filing fee or file an IFP application within 30 days, and that a failure to do so could result in the

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

dismissal of his case. *Id.* The notice also stated that if the petitioner did not intend to file a § 2254 petition in federal court, he could file a notice voluntarily dismissing the case within 30 days.

More than thirty days from the date of the notice have passed, but the petitioner has still not filed his § 2254 habeas petition on the appropriate form, paid the filing fee, filed an IFP application, or filed anything else in this case.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The petitioner has failed to comply with the order that he file his § 2254 petition on the appropriate form and either pay the filing fee or submit an IFP application within 30 days despite a warning that failure to do so could result in dismissal of the case, and he has not filed anything else in the case. Because the petitioner has failed to follow a court order or otherwise show that he intends to proceed with this case, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

## III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow an order of the court, unless the petitioner files his § 2254 habeas petition on the appropriate form and either pays the filing fee or files an IFP application within the time for objecting to this recommendation or by some other deadline set by the Court.

**SIGNED this 21st day of June, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3