IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DEONDRAY RAYMOND MASON,**   #02198087,   Petitioner,   vs.   **ADAM GONZALEZ,**   Respondent. | )   )   )   )   )   )   )   )   )   ) |

No. 3:22-CV-969-L (BH)

Referred to U.S. Magistrate Judge[1]

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Motion to Amend Complaint*, received on September 28, 2023 (doc. 9), should be liberally construed as a motion seeking relief from judgment under Federal Rule of Civil Procedure 60(b) and **DENIED**.

## I.   BACKGROUND

On April 29, 2022, an "Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction under Code of Criminal Procedure, Article 11.07," was received from Deondray Raymond Mason (Petitioner), an inmate in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID). (*See* doc. 3.) It was liberally construed as a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254. (*See* doc. 4.) By *Notice of Deficiency and Order* dated May 3, 2022, Petitioner was notified that this form is typically filed in the Texas Court of Criminal Appeals, and that if he intended to file a federal habeas petition under § 2254, he had not filed it on the appropriate form and paid the $5.00 filing fee or submitted an application to proceed *in forma pauperis*. (*See id.*) He was provided copies of the § 2254 habeas petition form and an IFP application and advised that he must file the appropriate form and either pay the filing

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for full case management.

fee or submit an IFP application within 30 days of the order. (*See id.*) He was also advised that a failure to comply could result in the dismissal of the case. (*See id.*)

Because Petitioner had not filed his § 2254 petition on the appropriate form, paid the filing fee, filed an IFP application, or filed anything else in this case after more than 30 days had passed, it was recommended on June 21, 2022, that the case be dismissed without prejudice under Fed. R. Civ. P. 41(b), unless Petitioner filed his § 2254 petition on the appropriate form and either paid the filing fee or filed an IFP application within the time for objecting to the recommendation. (*See* doc 6.) Petitioner did not file anything within the objection period, and on July 29, 2022, the recommendation was accepted, and judgment was entered dismissing the case under Rule 41(b) for failure to prosecute or comply with court orders. (*See* docs. 7-8.)

Over a year later, Petitioner now seeks to file an amended complaint alleging civil claims based on "a series of events" that have occurred between 2019 and 2022, during his incarceration in the TDCJ-CID. (*See* doc. 9.)

**II.   RULE 60(b)**

Because Petitioner appears to seek to revive this closed § 2254 action for consideration of an amended petition, his filing may be liberally construed as a motion seeking relief under Federal Rule of Civil Procedure 60(b). *See Smith v. Texas Dep't of Criminal Justice, Institutional Div.*, 79 F. App'x 61, 62 (5th Cir. 2003).

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)," depending on "when the motion was filed." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012); *see also Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts

typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."), *abrogated on other grounds by Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021). Because Petitioner's motion was filed over a year after entry of judgment, it is properly construed as arising under Rule 60(b). *See* Fed. R. Civ. P. 59(e) (requiring motion to be filed within 28 days of entry of judgment).

Rule 60(b) provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). A Rule 60(b) motion must be made within a reasonable time and, for reasons (1), (2), and (3), no longer than one year after judgment was entered. *See* Fed. R. Civ. P. 60(c)(1).

Because Petitioner does not invoke any of the reasons for relief from judgment under the first five paragraphs of Rule 60(b), it is considered under paragraph (6), which is the "catch-all" clause. *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002). This paragraph is "'a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances.'" *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604-05 (5th Cir. 1986)). Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216 (citation and internal quotation marks omitted). In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth the following factors to be considered when

evaluating such a motion: (1) that final judgments should not lightly be disturbed; (2) that a Rule 60(b) motion should not be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; (6) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack. *Id.* at 402.

Petitioner fails to show a basis for relief under Rule 60(b)(6). His motion does not include an amended § 2254 petition filed on the appropriate form. He also has not paid the filing fee or submitted a completed and signed IFP application as previously ordered. A court may dismiss a complaint for failure to pay the filing fee as ordered. *See Wilson v. Moreno*, 95 F.3d 46 (5th Cir. 1996) (finding that the district court did not err in dismissing case where plaintiff did not comply with the court order to file application to proceed IFP or pay the filing fee). It may also dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988) (involving § 1983 prisoner action). Petitioner also has not alleged extraordinary circumstances such that denial of his motion would be "so unwarranted as to constitute an abuse of discretion." *Vafaiyan v. City of Wichita Falls*, 398 F. App'x 989, 990 (5th Cir. 2010) (noting standard of review for denial of Rule 60(b) motions). Nor would granting his motion be consistent with the considerations listed in *Seven Elves*.

### III.   CIVIL CLAIMS

As discussed, Petitioner's filing appears to allege civil claims relating to "a series of

events" that have occurred during his incarceration in the TDCJ-CID from 2019 through 2022. (*See* doc. 9.) These claims do not specifically challenge his custody or the state conviction and sentence he challenged in his original filing.

Claims that do not challenge Petitioner's custody may not be raised in this habeas action. Courts may only consider federal habeas petitions under 28 U.S.C. § 2254 on grounds that the petitioner is in custody in violation of the Constitution or federal laws. *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 484-87 (1973). Petitioner's non-habeas civil claims may be liberally construed either as a civil rights action under 42 U.S.C. § 1983, or as a mandamus action under 28 U.S.C. § 1651 that must be raised in a separate civil action against the appropriate parties. Because Petitioner may only raise habeas claims in this habeas case, any non-habeas civil claims would be dismissed without prejudice to seeking relief in a separate civil action. *See Davis v. Valdez*, No. 3:15-CV-3952-D (BH), 2016 WL 749899, at *2 (N.D. Tex. Jan. 4, 2016), *rec. adopted*, 2016 WL 728817 (N.D. Tex. Feb. 24, 2016).

If Petitioner wishes to pursue relief on any non-habeas civil claims, he must file a separate civil action using the appropriate forms and pay the applicable filing fees. The Prison Litigation Reform Act (PLRA) requires that <u>all</u> prisoners who bring a civil action pay the full $402 filing fee. *See* 28 U.S.C. § 1915(b)(1).[2] A prisoner who is granted leave to proceed *in forma pauperis* must still pay the full filing fee but is allowed to pay in installments that are automatically withdrawn from the prisoner's trust account. Because of the filing fee, which he must pay because he is barred by the "three-strikes" rule of 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* in a civil

---

[2] A $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $52 administrative fee will not be deducted. *Id.*

action unless he shows that he is subject to imminent danger of serious physical injury, his filing is not liberally construed as seeking to open a new case at this time. Notably, Petitioner's allegations in the current filing have also been raised, in various iterations, in other cases filed by Petitioner. *See, e.g.*, *Mason v. TDCJ Agencies*, No. 2:23-CV-128-Z-BR (N.D. Tex. July 28, 2023); *Mason v. Director*, No. 3:23-CV-598-S-BN (N.D. Tex. Jan. 6, 2023); *Mason v. Gonzalez*, No. 2:21-CV-164-Z-BR (N.D. Tex. Aug. 27, 2021).

### IV.     RECOMMENDATION

The *Motion to Amend Complaint*, received on September 28, 2023 (doc. 9), should be liberally construed as a motion seeking relief from judgment under Federal Rule of Civil Procedure 60(b) and **DENIED**.

**SIGNED this 5th day of October, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE