IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DEONDRAY RAYMOND MASON**, | § |
| Petitioner, | § |
| v. | §  Civil Action No. **3:22-CV-969-L-BH** |
| **ADAM GONZALEZ**, | § |
| Respondent. | § |

# ORDER

The Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 10) was entered on October 5, 2023, recommending that Petitioner's Motion to Amend Complaint ("Motion"), which was received more than one year after the entry of the judgment, be liberally construed as a motion seeking relief from judgment under Federal Rule of Civil Procedure 60(b) and denied. Petitioner did not file objections to the Report. He instead filed a Motion to Alter or Amend Judgment (Doc. 11), which was docketed on October 31, 2023. Because Petitioner is incarcerated and proceeding *pro se*, the court liberally **construes** the Motion to Alter or Amend Judgment as timely objections to the Report.

In his objections, Petitioner asserts that "the requested forms were not being provided to me appropriately," yet the docket in this case shows that he took no action for more than one year after entry of judgment. Doc. 11 at 2. He also did not pay the applicable filing fee despite now asserting that "[u]pon review of my inmate trust fund account since my filing of this complaint I was able to fund the fees to file this claim." *Id.* Moreover, even had Petitioner submitted the appropriate forms and paid the applicable filing fee, his proposed amended pleading merely reasserts civil claims based on events that he alleges occurred during his incarceration. As noted

in the Report, because such claims do not challenge his custody, they cannot be raised in this habeas action. Petitioner, therefore, fails to allege any cognizable habeas claims in his Motion or in his objections, and he fails to provide any basis under Rule 60(b)[1] warranting relief from judgment in this case.

Accordingly, having reviewed the Motion, file, record, and Report, and having conducted a de novo review of the portions of the Report to which objections were made, the court **determines** that the findings and conclusions of the magistrate judge (Doc. 10) are correct; **accepts** them as the those of the court; **construes** Petitioner's Motion (Doc. 9) as one for relief under Rule 60(b); **overrules** his objections (Doc. 11) to the Report; and **denies** his Motion for relief under Rule 60(b) (Doc. 9). To the extent Petitioner requests the appointment of counsel in this closed action, his request is **denied**.

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[2] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's

---

[1] The correct legal standard applicable to motions under Rule 60(b) is set forth in the Report and need not be restated here.

[2] Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, as amended effective on December 1, 2019, reads as follows:

> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

"assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court **accepts** and **incorporates by reference** the Report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

    **It is so ordered** this 20th day of November, 2023.

                                                                Sam A. Lindsay
                                                                United States District Judge